```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MELISSA A. YATES and**
**KLINT YATES,**

    **Plaintiffs,**

  v.                                              CIVIL NO. 1:24-CV-89
                                                                                 (KLEEH)

**ZACHARY LILLY,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION TO DISMISS [ECF NO. 6]

Pending before the Court is a motion to dismiss or, in the alternative, motion for partial summary judgment on Plaintiffs' loss of consortium claim. For the reasons discussed below, the Court **GRANTS** the motion.

### I.  PROCEDURAL HISTORY AND BACKGROUND

On September 20, 2024, Plaintiffs Melissa A. Yates and Klint Yates (together, "Plaintiffs") filed a Complaint against Defendant Zachary Lilly ("Defendant"). Plaintiffs allege that Defendant negligently drove his vehicle on the wrong side of the road and collided head-on with a vehicle operated by Melissa Yates. Plaintiffs allege that Melissa Yates suffered serious and painful bodily injuries. Most relevant here, Plaintiffs assert that Klint Yates "has suffered and will continue to suffer a loss of consortium and is entitled to damages as a result thereof."

Compl., ECF No. 1, at ¶ 20. On December 30, 2024, Defendant filed the pending motion, asking the Court to dismiss as a matter of law — or grant summary judgment with respect to — Plaintiffs' claim for loss of consortium. Plaintiffs did not file a response to the motion.

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a 12(b)(6) motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO DISMISS [ECF NO. 6]**

the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992). Dismissal is appropriate only if "it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim." Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969).

### III. ALLEGATIONS IN THE COMPLAINT

For purposes of assessing the motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court assumes that the following facts are true. On September 20, 2022, at approximately 6:00 p.m., Melissa Yates was driving south on Route 4, south of Gassaway, West Virginia, in a 2017 Audi Q5. Compl., ECF No. 1, at ¶ 4. At the same time, Defendant was driving north on the same road in a 2008 Chevy Colorado pickup truck owned by his mother. Id. ¶ 5. Defendant drove his vehicle on the wrong side of the road and violently collided head-on with the vehicle being driven by Melissa Yates. Id. ¶ 6. The weather conditions were clear, the road surface was dry, and the roadway was "essentially straight." Id. ¶ 7. There is no evidence to indicate that Defendant took action to avoid the collision. Id. ¶ 8. At the time of the crash, the investigating officer indicated his suspicion that Defendant was under the influence of medication, alcohol, or drugs. Id. ¶ 11. Defendant was given a citation for

Case 1:24-cv-00089-TSK   Document 26   Filed 05/14/25   Page 4 of 5 PageID #: 140

YATES V. LILLY                                                1:24-CV-89

**MEMORANDUM OPINION AND ORDER
GRANTING MOTION TO DISMISS [ECF NO. 6]**

reckless driving and pleaded no contest to the charge.  Id. ¶ 14.

### IV.  DISCUSSION

Defendant argues that Plaintiffs' claim for lack of consortium must be dismissed because Plaintiffs do not allege that they were married to one another at the time of the crash.  He asserts that Plaintiffs, in fact, were not yet married at that time.  The Court agrees with Defendant that the Complaint does not sufficiently allege facts to support recovery for lack of consortium.

As the Supreme Court of Appeals of West Virginia has explained, "Consortium is a right, arising from the marital union, to have performance by a spouse of all the duties and obligations assumed by the marriage relationship, including the right to society, companionship and services." Poling v. Motorists Mut. Ins. Co., 450 S.E.2d 635, 638 (W. Va. 1994) (citing King v. Bittinger, 231 S.E.2d 239 (W. Va. 1976)).  The person alleging loss of consortium must have been married to the injured party at the time of the injury.  See Booth v. Baltimore & O.R. Co., 87 S.E. 84, 85 (W. Va. 1915) ("[T]he husband cannot maintain an action or therein recover of defendant compensation for any loss occasioned to him from the injury inflicted upon plaintiff prior to the time she became his wife.").  Here, given that Plaintiffs

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION TO DISMISS [ECF NO. 6]**

do not allege that they were married when Melissa Yates was injured, Plaintiffs may not recover for lack of consortium.

### V.    CONCLUSION

For the reasons discussed above, Defendant's motion is **GRANTED** [ECF No. 6]. To the extent that Plaintiffs' raise a claim for lack of consortium, it is **DISMISSED** as a matter of law. Plaintiffs may not recover damages for lack of consortium.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: May 14, 2025

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA